# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00058-CR

### Ex parte Gaspar Benavides Govea

#### FROM THE COUNTY COURT OF LLANO COUNTY
#### NO. WH-025/15478, HONORABLE MARY S. CUNNINGHAM, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I cannot join this Court's laches analysis, which concludes that the record in this case supports the habeas court's determination that Govea's writ application was barred by laches.

In his original application for writ of habeas corpus, Govea sought to vacate a 2013 judgment of conviction that resulted from a plea of no contest to a Class B misdemeanor marijuana offense. Govea asserted that "he waived his fundamental rights to counsel, a jury trial, confrontation," and, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), argued that "the plea agreement should be set aside and vacated." As noted by the majority, the State answered, claiming, among other things, that Govea's claim was barred by the doctrine of laches. Govea responded, contending that his delay in asserting his claim for habeas relief was not unreasonable and, in fact, was based on representations by the State, specifically, "statements made to him by the prosecutor in this case to waive his right to counsel and to enter into a plea agreement for possession of marijuana" when pleading to the offense would result in his deportation.

Rather than reach the questions presented in Govea's claim that his plea was involuntary, this Court concludes that his voluntariness claim is barred by laches. Moreover, it specifically accepts the habeas court's rejection of Govea's assertion that he did not unreasonably delay in filing his writ seeking habeas relief, holding, in essence, that Govea should have known about the deportation and immigration consequences of his plea in the instant case because he received general Article 26.13(a) admonitions in an unrelated marijuana case three years prior.[1]  *See* Tex. Code Crim. Proc. Code art. 26.13(a) (setting forth admonishments trial court must give defendant before accepting guilty or no-contest plea). While it is true that laches is a question of fact, I am troubled by the habeas court's use of admonishments from an unrelated prior plea proceeding to discern the facts related to the 2013 plea.

Govea, a lawful permanent resident since 1995, asserted in the affidavit attached to his habeas application that he understood—because he relied on incorrect information provided by the prosecutor during plea negotiations in the instant plea proceeding (in which Govea acted without the benefit of counsel)—that his no-contest plea to the instant possession of marijuana offense would not result in a conviction or be on his record.[2]  He asserted this misunderstanding as a justifiable excuse for his delay in seeking habeas relief. My concern is

---

[1]  The record reflects that Govea pled no contest in 2010 to possession of marijuana committed in 2009 and was placed on deferred-adjudication community supervision. The instant 2013 proceeding related to Govea's subsequent possession of marijuana in 2010. To avoid confusion, I refer to both offenses using the date of the plea:  the prior 2010 offense and the instant 2013 offense.

[2]  Govea asserted that the prosecutor told him that placement on deferred-adjudication community supervision following his no-contest plea would not constitute a conviction for any purpose. It is undisputed, however, that this was incorrect in relation to the deportation and immigration consequences that would result from placement on deferred-adjudication following a no-contest plea to the instant 2013 offense, which qualified as a conviction for federal immigration purposes for a subsequent offense involving possession of marijuana and made Govea automatically subject to deportation. *See* 8 U.S.C.A. §§ 1101(a)(48)(A), 1227(a)(2)(B)(i).

that this Court accepts the habeas court's reliance on documents from a prior unrelated plea proceeding to support the habeas court's rejection of Govea's justification for the delay in bringing his habeas claim.

This Court (and the habeas court) cite to plea-bargain documents reflecting that Govea had been admonished in a 2010 plea proceeding that entering a no-contest plea to the misdemeanor marijuana possession charge in that case could result in deportation or other immigration consequences. If admonishments were intended to be given once, for all time, then any defendant with a criminal history would not need, or be required to have, admonishments again. This is not the law. I cannot endorse the habeas court's use of admonitions from a prior unrelated plea proceeding in 2010 to support fact findings relating to the 2013 plea proceeding—in connection with either the application of the laches doctrine or resolving Govea's claim of an involuntary plea. Because the majority does, I cannot join its laches analysis.

However, I believe that the record ultimately supports the habeas court's conclusion concerning the merits of Govea's application—that Govea failed to establish that his plea was involuntary because he failed to produce evidence, credible to the habeas court, that "demonstrate[d] direct proof of falsity" of the recitations of voluntariness in the 2013 judgment of conviction and plea paperwork. Accordingly, while I cannot join this Court's opinion, I join the judgment affirming the habeas court's denial of Govea's application for writ of habeas corpus.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Filed:   August 21, 2019

Do Not Publish